UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| REYNALDO CULANNAY, et al.,<br><br>               Plaintiffs,<br>    v.<br><br>FREDDIE MAC FIXED TO FLOATING RATE NON CUMULATIVE PERPETUAL PREFERRED STOCK, et al.,<br><br>               Defendants.<br>_____/ | No. C 12-03120 LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND NOT REACHING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Re: ECF Nos. 4, 9, 15, 20] |

## I. INTRODUCTION

Plaintiffs Reynaldo Culannay and Melba Culannay (collectively, "Plaintiffs") filed in California state court a complaint against numerous defendants for numerous violations of California state law. *See* Complaint, ECF No. 1, Ex. 1 at 5-72, ¶¶ 1-278.[1] Defendant Credit Suisse removed the action to federal court on the ground of federal question jurisdiction. *See* Notice of Removal, ECF No. 1, at 2, ¶ 2. Credit Suisse, and also defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), California Reconveyance Company ("CRC"), JPMorgan Chase Bank, N.A. (as acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver) ("JPMorgan Chase"), and Deutsche Bank Securities ("Deutsche Bank") move to dismiss Plaintiffs'

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

complaint. Motion to Dismiss (Credit Suisse), ECF No. 4; Motion to Dismiss (Freddie Mac, CRC, and JPMorgan Chase), ECF No. 15; Motion to Dismiss (Deutsche Bank), ECF No. 20. Plaintiffs move to remand the action back to state court. Motion to Remand, ECF No. 9. Upon review of the papers submitted and consideration of the applicable authority, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to remand and does not reach Defendants' motions to dismiss.[2]

## II.  FACTS

Plaintiffs filed their complaint in Contra Costa County Superior Court on April 19, 2012. Complaint, ECF No. 1, Ex. 1 at 4. The action is a dispute over the rightful ownership and interest in a residential home. *See generally id.*[3] Essentially, Plaintiffs allege that Defendants participated in a scheme to issue to Plaintiffs a mortgage loan that Plaintiffs could not afford and also invalidly securitized the loan. *See generally id*. Plaintiffs allege that these acts preclude Defendants from foreclosing on the loan. *See generally id*.

Plaintiffs allege 19 state law claims against Defendants in their complaint. Specifically, they allege: (1) breach of fiduciary duty; (2) breach of the covenant of good faith and fair dealing; (3) deceit in violation of California Civil Code §§ 1709 and 1710; (4) unfair competition in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (5) promissory estoppel; (6) fraud by intentional misrepresentation; (7) fraud by concealment; (8) unjust enrichment; (9) quiet title; (10) declaratory relief; (11) rescission/cancellation of void instrument; (12) violation of California Civil Procedure Code §§ 2934(d) and 2934(e); (13) unjust enrichment; (14) wrongful foreclosure; (15) unconscionability; (16) false or fraudulently procured documents; (17) to void or cancel the deed of trust; (18) violation of California Civil Code § 2923.6; and (19) violation of California Financial Code §§ 4970 through 4979.8. *See id*. at 40-72, ¶¶ 145-278. All of these claims are state law claims.

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the November 15, 2012 hearing.

[3] Because the court remands this action back to state court and does not reach Defendants' motions to dismiss, a more detailed description of the factual allegations is not necessary.

C 12-03120 LB
ORDER
2

1    Credit Suisse nevertheless removed the action to federal court on the ground of federal question
2 jurisdiction. Notice of Removal, ECF No. 1 at 2, ¶ 2; *see* 28 U.S.C. §§ 1331, 1441(a).[4] Specifically,
3 Credit Suisse maintains that Plaintiffs' UCL claim actually presents federal claims under the Truth
4 in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and the Real Estate Settlement Procedures Act
5 ("RESPA"), 12 U.S.C. 2601-2617. *Id.* (citing Complaint, ECF No. 1 at 14, 51-52, ¶¶ 31, 180-81).[5]
6 Plaintiffs move to remand the action back to state court, arguing that they did not allege any federal
7 claims and that any reference to federal laws was made "in passing" and does not provide a basis for
8 federal subject-matter jurisdiction. Motion to Remand, ECF No. 9. Credit Suisse opposes the
9 Plaintiffs' motion. In addition, Credit Suisse, along with Freddie Mac, CRC, JPMorgan Chase, and
10 Deutsche Bank, move to dismiss Plaintiffs' Complaint.[6]

---

[4] Credit Suisse cited 28 U.S.C. § 1441(b) in its notice, but this is the statute allowing for removal on the ground of diversity jurisdiction. *See* Notice of Removal, ECF No. 1 at 2, ¶ 2. Because Credit Suisse stated that it removed the action because Plaintiffs "alleged federal questions" in their Complaint, the court assumes Credit Suisse meant to cite 28 U.S.C. § 1441(a).

[5] Although Credit Suisse does not cite or mention them, Plaintiffs also referenced TILA and RESPA, as well as other federal statutes, in a few other paragraphs in their Complaint. *See* Complaint, ECF No. 1 at 7, 19, 20, 25, 31, 34, 52, ¶¶ 7, 65, 67, 85, 115, 123, 187. However, Plaintiffs' reference to these laws do not change the court's analysis.

[6] Plaintiff named the following entities as defendants to this action: Freddie Mac Fixed to Floating Rate Non Cumulative Perpetual Preferred Stock; Freddie Mac; Computer Share Trust Company, N.A.; Washington Mutual Bank, F.A.; Lehman Brothers; Goldman, Sachs & Co.; Banc of America Securities, LLC; Citi; Credit Suisse; Deutsche Bank; Morgan Stanley; USB Investment Bank; and Quality Loan Service Corporation. *See* Complaint, ECF No. 1 at 4. The 120-day period for service under Federal Rule of Civil Procedure 4(m) has expired and defendants Freddie Mac Fixed to Floating Rate Non Cumulative Perpetual Preferred Stock, Computer Share Trust Company, N.A., Washington Mutual Bank, FA, Lehman Brothers, Goldman Sachs & Co., Banc of America Securities, LLC, Citi, Morgan Stanley, USB Investment Bank, and Quality Loan Service Corporation have not appeared, and the docket does not reflect that they have been served. Because the court does not require the consent of a defendant when the defendant has not been served, and therefore the defendant is not a party under 28 U.S.C. § 636(c), the court may rule on Plaintiffs' motion to remand. *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction).

### III.  LEGAL STANDARD

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove to federal court "only [those] state court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Absent diversity of citizenship, federal question jurisdiction is required.  *Id*.  The party invoking § 1441 bears the burden of establishing federal question jurisdiction, and a district court strictly construes the statute against removal.  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (courts "strictly construe the removal statute against removal jurisdiction[, and] federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("any doubt is resolved in favor of remand").

Federal question jurisdiction analysis necessarily begins with the "well-pleaded complaint" rule: "Whether a case is one arising under the Constitution or a law . . . of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . ." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).  Under this "more-or-less automatic[ ]" rule, if the complaint on its face presents no federal question, no subject matter jurisdiction exists.  *Franchise Tax Board of the State of California v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 9-10 (1983).  "In addition, the plaintiff is 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

However, a narrow corollary to the well-pleaded complaint rule is the "artful pleading" doctrine: a plaintiff "may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of the claim."  *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (internal quotation marks omitted).[7]  The artful pleading doctrine

---

[7] More broadly, the artful pleading doctrine applies when: (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question.  *ARCO Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114

allows courts to "delve beyond the face of the state court complaint and find federal question jurisdiction by re-characterizing a plaintiff's state law claim as a federal claim." *Id*. (internal quotation marks omitted). But courts should "invoke the [artful pleading] doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Id*. Additionally, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

### IV. DISCUSSION

#### A. **Plaintiffs' Motion to Remand**

Plaintiffs move to remand the action back to state court, arguing that they only allege state law claims. *See* Motion to Remand, ECF No. 9. Credit Suisse argues that, even though Plaintiffs allege only state law claims, their UCL claim implicates substantial federal questions and, thus, subject-matter jurisdiction exists. *See* Opposition, ECF No. 10.

It is true that Plaintiffs refer to federal laws, such as TILA and RESPA (and those statutes' related federal regulations), in several paragraphs of their complaint. *See* Complaint, ECF No. 1 at 7, 13, 19, 20, 25, 31, 34, 50, 51, 52, ¶¶ 7, 31, 65, 67, 85, 115, 123, 180, 181, 187. Yet as stated above, it is long settled that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrill Dow, 478 U.S. at 808. Indeed, when a claim "can be supported by alternative and independent theories—one of which is a state law theory and one which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809-10 (1988)).

Here, a quick review of Plaintiffs' UCL claim makes clear that it can be supported by such alternative and independent theories. First, despite the claim's bolded heading, Plaintiffs do not simply allege an "unlawful" UCL claim as Credit Suisse suggests; they also allege "unfair" and

---

(9th Cir. 2000). Here, Credit Suisse argues that the third situation applies.

"fraudulent" UCL claims as well. *See* Complaint, ECF No. 1 at 48, 49, ¶ 175, 178.[8] And Plaintiffs' "unfair" and "fraudulent" allegations are not based simply on violations of federal law, so these provide alternative and independent theories of liability under state law. *See Bolden v. KB Home*, 618 F. Supp. 2d 1196, 1207-08 (C.D. Cal. 2008) (even though plaintiff's state law unfair competition claim was based in part on "unlawful" acts in violation of federal law, court remanded case because plaintiff's unfair competition claim also was based in part on "fraudulent" acts in violation of state law and so the federal statutory allegations were not necessary elements of plaintiff's claim).

Second, even if Plaintiffs only alleged an "unlawful" UCL claim, Plaintiffs have alleged alternative and independent underlying violations of state law. Indeed, in Paragraphs 179 and 187, Plaintiffs allege numerous state law violations that would support its "unlawful" UCL claim, and in Paragraph 182, Plaintiffs allege that by committing those violations, defendants violated "several California laws and regulations" that constitute the necessary predicate acts for their claim. *See* Complaint, ECF No. 1 at 49-50, 51, 52, ¶¶ 179, 182, 187. In very similar situations, courts have repeatedly found that federal question jurisdiction does not attach where a plaintiff's "unlawful" UCL claim is based on violations of both federal and state law. *See*, *e.g.*, *Givens v. Paramount Mortgage*, No. 2:10-cv-03483-GEB-DAD, 2011 WL 202451, at *2 (E.D. Cal. Jan. 20, 2011) (remanding case where plaintiff's state law unfair competition claim was based in part on alternative and independent state law theories of liability that did not require resolution of federal statutory allegations); *Caampued v. First Fed. Bank of Cal.*, No. C10-0008 RS, 2010 WL 963080, at *3-4 (N.D. Cal. Mar. 16, 2010) (remanding case where plaintiffs' state law claim was based on underlying violations of both federal and state law, so the federal statutory allegations were not necessary elements of plaintiffs' claim); *Fenske v. Wells Fargo Bank*, N.A., No. 2:09-cv-02656-GEB-KJM, 2010 WL 235039, at *2-3 (E.D. Cal. Jan. 13, 2010) (remanding case

---

[8] The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." "Since section 17200 is [written] in the disjunctive, it establishes three separate types of unfair competition. The statute prohibits practices that are either 'unfair' or 'unlawful,' or 'fraudulent.'" *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003); *see also Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

after finding that references to TILA and RESPA were not necessary elements of plaintiff's state law fraud and unfair competition claims); *Cortes v. Bank of America, N.A.*, No. CV 09-7457 AHM (FFMx), 2009 WL 4048861, at *2 (C.D. Cal. Nov. 20, 2009) (remand case because plaintiff's state law claim, which contained allegations that defendants violated federal as well as state laws, could be supported by alternate and independent state law theories and did not necessarily depend on the resolution of the federal statutory allegations); *Ricano v. Aurora Loan Servs.*, No. CV 09-1989-SJO, 2009 WL 1096042 (C.D. Cal. Apr. 22, 2009) (remanding case where plaintiff's state law predatory lending claim was based on violations of a number of California state laws, as well as federal laws such as RESPA, TILA, so the federal statutory allegations were not necessary elements of plaintiff's claim); *accord Cal. v. H&R Block, Inc.*, No. C06-2058 SC, 2006 WL 2669045, at *3-4 (Sep. 18, 2006) (in a non-mortgage context, court remanded case where violation of federal law were among the many allegations of malfeasance—which also included violations of state law—upon which plaintiff's state law unfair competition claim relied).

Accordingly, the court finds that Credit Suisse has not met its burden to establish federal subject-matter jurisdiction and **REMANDS** this action to state court.[9]

In their motion to remand, Plaintiffs also request attorney's fees. An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. Here, Plaintiffs fail to provide any declaration to support its request for $5,000. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

---

[9] Credit Suisse also argues that, if the court grants Plaintiffs' motion and remands the action, defendant Freddie Mac "is likely" to remove the action to federal court under 12 U.S.C. § 1452(f). Opposition, ECF NO. 10 at 5. This unsupported statement about the future actions by another defendant is speculative and, thus, unpersuasive.

C 12-03120 LB
ORDER
7

Moreover, even if they had, the court finds that Credit Suisse advanced an "objectively reasonable" basis (albeit one that fails) for federal subject-matter jurisdiction when they relied upon Plaintiffs' own references to violations of federal law in their Complaint.  Plaintiffs' request for attorney's fees and costs is **DENIED**.

**B. Defendants' Motions to Dismiss**

Because the court will remand the action back to state court, it does not reach Defendants' motions to dismiss.

## V.  CONCLUSION

Based on the foregoing, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to remand.  The court **REMANDS** this action to Contra Costa Superior Court but denies Plaintiffs' request for attorney's fees and costs.  Because federal subject-matter jurisdiction is lacking, the court does not reach Defendants' motions to dismiss.  The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: November 13, 2012

_____
LAUREL BEELER
United States Magistrate Judge